UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

**LISA CAROL SHONROCK,**
 **Plaintiff,**

**Vs.**

**PATRICK EUGENE PHILLIPS and**
**SCHUSTER COMPANY. LLC**

**COMPLAINT TO RECOVER DAMAGES**
**FOR PERSONAL INJURY AND OTHER DAMAGES**

 **COME NOW** the Plaintiff Lisa Carol Shonrock, by and through her attorney of record, Caruso Law Offices, PC, by Mark J. Caruso, and brings her claim for damages against Defendants Patrick Eugene Phillips, Schuster Company, LLC. and Great Western Casualty, and in support of her cause of action, states the following:

**JURISDICTION AND VENUE**

 1. Plaintiff Lisa Carol Shonrock (hereinafter "Shonrock") is an individual and resident County of Bernalillo, State of New Mexico.

 2. Upon information and belief, Plaintiff asserts the Defendant Patrick Eugene Phillips (hereinafter "Phillips") is a resident of the State of Mississippi.

 3. At all times herein Defendant Schuster Company, LLC (hereinafter Schuster) is a motor carrier domiciled in the State of Iowa.

 4. The collision which is the subject of this lawsuit occurred in the County of San Bernardino, State of California.

5. The Central District of California, Eastern Division, has personal and subject matter jurisdiction over Defendants Phillips and Schuster

## RELEVANT FACTS

6. On or about November 18, 2018, Plaintiff Shonrock was operating a commercial tractor-trailer traveling westbound on Interstate 40 just east of Goffs Road in San Bernardino County.

7. At approximately the same time, Defendant Phillips was operating a commercial tractor- trailer owned by Defendant Schuster traveling westbound on Interstate 40 directly behind Plaintiff Shonrock.

8. Defendant Phillips was operating 2019 commercial tractor-trailer with Iowa license plate number SA3254.

9. It is Plaintiff's information and belief that the trailer hauled by Defendant Phillips was loaded with 43,000 pounds of cargo.

10. Defendant Phillips negligently and carelessly crashed and collided into the rear of the commercial tractor-trailer operated by Plaintiff Shonrock. The impact forced Plaintiff's tractor-trailer into the dirt median.

11. At the time of the collision Defendant Phillips was acting as an agent or employee of Defendant Schuster within the course and scope of his employment. Defendant Schuster was vicariously liable for the acts or omissions of its employees, agents, apparent agents, representative and/or designees under the legal doctrine of *respondeat superior*.

12. It is Plaintiff's information and belief that at all time herein Defendant Schuster is a licensed motor carrier operating under the regulations promulgated by the Federal Motor Carrier Safety Administration ("FMSCA") with the assigned DOT number of 69852.

13. The Federal Motor Carrier Safety Act ("FMCSA") adopted the Federal Motor Carrier Safety Regulation ("FMCSR") that apply to all commercial motor carriers, commercial vehicles and commercial vehicle drivers engaged in interstate commerce including Defendant Schuster and its driver Defendant Phillips.

14. At all times material hereto there were in effect state and federal statutes and laws that were enacted for the safety of the public using roadways and interstates, including Plaintiff Shonrock.

15. State of California motor vehicle traffic laws and licensing statutes, including the commercial driver's license ('CDL"), and other state statutes apply to all commercial motor carriers, commercial vehicles and commercial vehicle drivers operating within the State of California.

16. It is Plaintiff's information and belief that at all times herein Defendant Phillips held a commercial driver's license ("CD")

17. At all times herein, Defendant Schuster and Defendant Phillips operated commercial tractor-trailer in interstate commerce thru the State of California.  Defendant Schuster and its driver Defendant Phillips are fully subject to the afore-mentioned federal laws and California state laws.

18. Plaintiff Shonrock suffered personal injuries and other damages as a direct, proximate cause and foreseeable result of the wrongful actions by Defendants Schuster and Phillips.

## COUNT I

## NEGILGNECE PER SE OF DEFENDANT PHILLIPS

19. Plaintiff re-alleges and incorporate by reference the allegations made in paragraphs 1-18 of this Complaint as if set forth in full herein.

20. At all times relevant hereto, Defendant Phillips was obligated to comply with the commercial vehicle safety requirements established by United States and California including, but not limited to, the statutes, regulation, rules and ordinances of the U.S. Department of Transportation, the National Transportation Safety Board, the Offices of Highway Safety, the Federal Motor Carrier Safety Administration, the California Department of Transportation and the California Motor Vehicle Codes.

21. These statutes, regulations, rules and ordinances have been promulgated for the safety and benefit of the public at large using the interstate highways, including Plaintiff Shonrock.

22. The injuries and damages sustained by the Plaintiff Shonrock on November 18, 2018 are of the type of injuries and damages that such statutes, regulation, rules and ordinances are designed to prevent.

23. At the time of this collision, there were in force and effect certain Federal Motor Carrier Safety regulations ("FMCSR") that may have been violated by Defendant Phillips, including by not limited to:

    a. FMCSR 392.6—regarding schedules to conform to speed limits:

    b. FMCSR 393.3—regarding an ill or fatigued operator:

    c. FMCSR 395.3—regarding maximum driving time;

    d. FMCSR 383.110—regarding general knowledge;

    e. FMCRS 383.11—regarding required knowledge;

    f. FMCSR 383.113—regarding required skills; and

      h.    Any additional regulations or statutes that are revealed as being violated during discovery as this case progresses.

24.    At the time of this collision, there were in force and effect California Motor Vehicle Codes that may have been violated by Defendant Phillips, including, but not limited to:

      a.    California Vehicle Code, section 22350, unsafe speed for traffic conditions; and

      b.    Any additional codes or statutes that are revealed as violated during discovery as this case progresses.

25.    As a result of these and other violations, Defendant Phillips was negligent per se.

26.    Defendant Phillips' negligence per se was a direct, a proximate cause and foreseeable result of the collision into the vehicle operated by Plaintiff Shonrock and the resulting, collision, injuries and damages to Plaintiff Shonrock.

27.    Defendant Schuster is vicariously liable for the negligence of Defendant Phillips under the doctrines of *respondeat superior*, agency liability and joint venture.

28.    The negligence per se of Defendant Phillips and Defendant Schuster was the direct, proximate and foreseeable result of the resulting damages to Plaintiff Shonrock.

## COUNT II

## NEGLIGENCE OF DEFENDANT PHILLIPS

29.    Plaintiff re-alleges and incorporate by reference the allegations made in paragraphs 1-28 of this Complaint as if set forth in full herein.

30.    At all times relevant hereto, Defendant Phillips had a duty to act as a reasonable and prudent driver with a commercial driver's license and to use reasonable care in the operation of his tractor-trailer on Interstate 40.

31. Defendant Phillips breached this duty and was negligent, and such breach of duty and negligence includes, but is not limited to, the following:

    a. Failing to operate a vehicle in a safe manner;

    b. Failing to take timely and/or proper evasive actions;

    c. Failing to remain alert and not paying proper attention;

    d. Failing to keep the vehicle under proper control;

    e. Failing to properly apply his brakes;

    f. Failing to properly inspect, maintain, service, or repair the tractor he was driving;

    g. Failing to use the appropriate due care in operating a commercial motor vehicle;

    h. Driving while distracted;

    i. Driving a vehicle in a careless manner;

    j. Driving a vehicle in a reckless manner;

    k. Failing to keep a proper lookout;

    l. Driving in unsafe conditions and/or not driving in accordance with reasonable driving during said hazardous conditions;

    m. Driving too fast for conditions;

    n. Following too closely; and

    o. Any additional actions revealed as discovery in this case progresses.

32. Generally accepted trucking industry safety standards promote and govern the safe operation of commercial vehicles similar to the tractor-trailer operated by Defendant Phillips.

33. These generally accepted trucking industry safety standards create certain duties and obligations upon the commercial truck driver including Defendant Phillips;

34. Defendant Phillips had the duty to be knowledgeable of and comply with these generally accepted trucking industry safety standards for the safe operation of his commercial vehicle.

35. Defendant Phillips breached his duty and was negligent in failing to comply with applicable industry safety standards for the safe operation of his commercial vehicle.

36. Defendant Phillips' negligence was a direct, proximate cause and foreseeable result of the collision into the vehicle operated by Plaintiff Shonrock and the resulting injures and damages to Plaintiff Shonrock.

37. Defendant Schuster vicariously is liable to Plaintiff Shonrock for the negligence of Defendant Phillips under the doctrines of *repondeat superior*, agency liability and joint venture.

38. The negligence of Defendant Phillips and Defendant Schuster was the direct, proximate cause and foreseeable result of the resulting damages to Plaintiff Shonrock.

## COUNT III

## NEGLIGENCE PER SE OF DEFEDANT SCHUSTER

39. Plaintiff re-alleges and incorporate by reference the allegations made in paragraphs 1-38 of this Complaint as if set forth in full herein.

40. At all times relevant hereto, Defendant Schuster was obligated to comply with the commercial vehicle safety requirements established by United States and California, including but not limited to, the statutes, regulations, rules and ordinances of the U.S. Department of Transportation, The National Transportation Safety Board, the Offices of Highway Safety, the Federal Motor Carrier Safety Administration and the California Motor Vehicle Code.

41. These statutes, regulations, rules and ordinances have been promulgated for the safety and benefit of the public at large using the interstate highway, including Plaintiff Shonrock.

42. The injuries and damages sustained by Plaintiff Shonrock on November 18, 2018 are of the type of injuries and damages that such statutes, regulations, rules and ordinances are designed to prevent.

43. At the time of this collision, there were in force and effect Federal Motor Carrier Safety Act Regulations ("FMCSR") that may have violated by Defendant Schuster, including by limited to:

    a. FMCSR 383.35 and 391.23—regarding background investigation of drivers;

    b. FMCSR 391.11—regarding driver qualifications;

    c. FMCSR 391.13—regarding driver training;

    d. FMCSR 391.25—regarding annual review of driver safety;

    e. FMCSR 391.27—regarding annual reports of driving violations;

    f. FMCSR 391.31—regarding driver road testing;

    g. FMCSR 391.51—regarding qualification and records files;

    h. FMCSR 395.3—regarding hours of operation;

    i. FMCSR 395.8—regarding driver duty status logs; and

    j. Any additional regulation or statutes that are revealed as being violated during discovery as this case progresses.

44. As a result of these and other violations, Defendant Schuster was negligent per se.

45. Defendant Schuster' negligence per se was the direct proximate cause and foreseeable result of the collision with the vehicle operated by the Plaintiff and resulting injuries of and damages to Plaintiff Shonrock.

## COUNT IV

## NEGLIGENCE OF DEFENDANT SCHUSTER

46. Plaintiff re-alleges and incorporate by reference the allegations made in paragraphs 1-45 of this Complaint as if set forth in full herein.

47. At the time of the collision, Defendant Phillips was employed by Defendant Schuster and was driving a tractor-trailer owned by Defendant Schuster to the economic benefit of Defendant Schuster.

48. Defendant Phillips was in the course and scope of his employment or acting as an agent for Defendant Schuster.

49. Defendant Schuster, as principal and employer, was vicariously liable for any and all damages and injuries that resulted from Defendant Phillips's negligence under the doctrine of *respondeat superior* and agency.

50. Defendant Schuster is an approved motor carrier and trucking company, with operating authority from the DOT number 69852.

51. In the operation of its trucking business as an approved motor carrier with operating authority, Defendant Schuster owed a duty to the public at large and the Plaintiff Shonrock to use due care, skill and expertise as would an ordinary motor carrier operating a trucking company with commercial truck drivers so as not to cause foreseeable and unreasonable risks of harm to others.

52. In the operation, inspection and maintenance of its tractors and trailers Defendant Schuster owed a duty to the public at large and the Plaintiff to use due care, skill and expertise as

would an ordinary motor carrier operating a trucking company with commercial truck drivers so as not to cause foreseeable and unreasonable risks of harm to others.

53. In the hiring, training, retention and supervision of its commercial truck drivers, Defendant Schuster owed a duty to the public at large and the Plaintiff to use due care, skill and expertise as would an ordinary motor carrier operating a trucking company with commercial truck drivers as not to cause a foreseeable and unreasonable risks of harm to others.

54. Defendant Schuster is responsible for the hiring, supervision, retention and training of employees and drivers and to assure the proper and safe execution of the duties of an over-the-road long distance truck driver including Phillips.

55. Defendant Schuster has a duty to hire, supervise and train employees and drivers and agents to drive a tractor-trailer in a reasonable and safe manner.

54. Defendant Schuster also has a duty, when entrusting its tractor-trailers to its commercial truck drivers, to assure the commercial vehicles are properly maintained, inspected and free of mechanical problems to insure their safe operation on the roadways.

57. Generally accepted and acknowledged trucking industry safety standards promote and govern the safe operation of commercial vehicles on the roadways.

58. These generally accepted and acknowledged trucking industry safety standards create certain duties and obligations upon the commercial truck driver and the commercial motor carrier trucking company.

59. Defendant Schuster has a duty to be knowledgeable of and comply with these generally accepted and acknowledged trucking industry safety standards for the safe operation of its commercial vehicles on the roadways.

60. Defendant Schuster has a duty to make certain that Defendant Phillips and its other commercial truck drivers were instructed, trained and complied with all applicable and

accepted and acknowledged trucking industry safety standards for the safe operation of its commercial vehicles.

61. Defendant Schuster breached these duties and failed to comply with generally accepted and acknowledged trucking industry safety standards for the safe operation of its commercial vehicles.

62. Defendant Schuster negligently failed to exercise due care, skill and expertise, when it failed to properly inspect, maintain, service or repair the tractor-trailer assigned to Defendant Phillips and driven by Defendant Phillips.

63. Defendant Schuster operated its trucking business without the due care, skill and expertise as would an ordinary motor carrier operating a trucking company.

64. Defendant Schuster failed to use due care, skill and expertise to properly hire, train, retain and supervise its employees and drivers and agents, including Defendant Phillips.

65. Defendant Schuster knew or should have known that Defendant Phillips was likely to use the vehicle is such a manner as to create an unreasonable risk of harm to others including the Plaintiff, and that Defendant Phillips was, in fact, negligent in the operation of the tractor-trailer.

66. Defendant Schuster breached the duties owed to Plaintiff Shonrock.

67. As a result, Plaintiff Shonrock suffered damages and personal injuries as a direct, natural and proximate result of the following acts of Defendant Schuster:

    a. Negligently hiring Defendant Phillips;

    b. Negligently entrusting its commercial vehicle to Defendant Phillips;

    c. Negligently training and supervising Defendant Phillips;

    d. Failing to comply with all applicable laws, ordinances, rules and regulations;

    e.    Failing to train, supervise, direct or control its employee Defendant Phillips with the requisite care, skill and expertise as would a reasonable motor carrier or trucking company employer, as follows:

        (1)    In the operation of their commercial motor vehicles;

        (2)    In driving too fast under the conditions;

        (3)    In driving at an excessive rate of speed;

        (4)    In properly applying brakes;

        (5)    In preventing driving while distracted;

        (6)    In preventing driving while fatigued;

        (7)    In teaching employees about the perils of exhausted driving or properly supervising them to prevent exhausted driving;

        (8)    In defensive driving;

        (9)    In bringing their vehicle to a safe stop;

        (10)    In being aware of the road and travel conditions;

        (11)    In complying with all federal and state rules, regulations and statutes;

        (12)    In complying with all rules of the road;

        (13)    In complying with all hours of service regulations;

        (14)    In following too closely

        (15)    In complying with all DOT and other federal and state rules and regulations; and

        (16)    In maintaining a safe distance with the vehicle in front of the commercial vehicle.

68. Defendant Schuster's negligence was a direct proximate cause and foreseeable result of the collision with the vehicle operated by Plaintiff Shonrock and resulting injuries of and damages to Plaintiff Shonrock

## DAMAGES

69. As a direct and proximate result of the negligence and negligence per se of Defendants Phillips and Schester, Plaintiff Lisa Carol Shonrock suffered and continues to suffer personal injuries; she has endured and continues to endure pain and suffering; she has incurred and continues to incur medical expenses; she has incurred and continues to incur loss of wages and future earnings potential; she has suffered a partial permanent impairment; and she has suffered a loss of enjoyment of life.

**WHEREFORE,** Plaintiff Lisa Carol Shonrock prays for judgment against Defendant Patrick Eugene Phillips and Defendant Schuster Company, LLC. in an amount reasonable to compensate her for all the foregoing damages and injuries, plus interest and prejudgment interest, the cost of this action and for such other future relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs request and trial by jury.

Respectfully submitted,

/s/ Mark J. Caruso Esq
Mark J. Caruso, Esq
Caruso Law Offices, PC
4302 Carlisle Blvd NE
Tel:   (505) 883-5000
FAX:  (505) 883-5012
mark@carusolaw.com

State Bar No. 105378